[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-12660

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

VIRGIL DENNARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:21-cr-00336-RAH-CWB-1

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Virgil Dennard appeals his 240-month imprisonment sentence for possession with intent to distribute 5 or more grams of methamphetamine. The government moves to dismiss Dennard's appeal based on the appeal waiver in his plea agreement.

Dennard argues that the district court erred in failing to award him a downward variance because it failed to appropriately weigh relevant 18 U.S.C. § 3553(a) factors. He contends that he cooperated with the government and the information he provided warranted a greater variance than he received. Dennard argues that a 60-month sentence would be more appropriate.

In response, the government moves this Court to dismiss the appeal because of Dennard's binding appeal waiver in the plea agreement. The government notes that Dennard waived his right to appeal for any reason other than prosecutorial misconduct and ineffective assistance of counsel, and the waiver provision was clearly set apart in the plea agreement with a bolded, all-caps heading, "Defendant's Waiver of Appeal and Collateral Attack." The government also argues that because the agreement included a confirmation that Dennard's attorney advised him of the rights he was waiving and because Dennard signed the agreement, it was manifestly clear that Dennard understood he was waiving his right to appeal. Additionally, the government contends that during the

plea colloquy at the change of plea hearing, Dennard confirmed that he had read the plea agreement and discussed it with his lawyer before signing it. It also notes that the judge directly asked Dennard if he understood the rights he was waiving, and Dennard responded that he did. The government argues that the plea colloquy followed the terms of the plea agreement, laid out Dennard's right to an appeal in the ordinary course, and made clear that by entering the agreement, Dennard was waiving his right to appeal, making it manifestly clear that he knowingly and voluntarily waived the right to appeal his sentence.

This Court reviews the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* The government cannot show that an appeal waiver was knowing and voluntary from an examination of the agreement's text alone. *Id.* at 1352. There is a strong presumption that statements made during the Rule 11 colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). This Court has enforced an appeal waiver where the waiver was mentioned during the plea colloquy and the defendant said that she understood

the appeal waiver. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

Here, we conclude that Dennard knowingly and voluntarily waived his right to appeal his sentence. *Bushert*, 997 F.2d at 1351. At the change-of-plea hearing, the court confirmed that Dennard had reviewed the plea agreement before signing it, discussed it with his attorney, and understood it. And the court asked Dennard if he understood that he was waiving the right to appeal except on grounds of prosecutorial misconduct and ineffective assistance of counsel, and Dennard responded that he understood. The appeal waiver was also referenced in the plea colloquy, which this Court found was sufficient to enforce an appeal waiver in *Weaver*, 275 F.3d at 1333. Further, Dennard's argument on appeal, that the district court did not properly consider the 18 U.S.C. § 3553(a) factors, does not fit within the exceptions of the appeal waiver.

Thus, the Government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is GRANTED. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006) (holding that the defendant knowingly and voluntarily waived his right to appeal a sentence on the ground that its length, which was below the statutory maximum, was cruel and unusual under the Eighth Amendment); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005)

22-12660                Opinion of the Court                5

(waiver of the right to appeal includes waiver of the right to appeal difficult or debatable legal issues or even blatant error).